**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

YANETSY LOOR,

        Plaintiff,

v.                                        Case No. 6:15-cv-953-Orl-37DAB

TWEEN BRANDS, INC.,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant's Motion to Stay Pending Judicial Approval of Nationwide Settlement of Class Action (Doc. 23), filed October 1, 2015;

2. Memorandum in Support of Defendant's Motion to Stay Pending Judicial Approval of Nationwide Settlement of Class Action (Doc. 23-1), filed October 1, 2015;

3. Plaintiff's Memorandum in Opposition to Defendant's Motion to Stay (Doc. 26), filed October 9, 2015; and

4. Notice of Subsequent Events in Support of Defendant's Motion to Stay Pending Judicial Approval of Nationwide Class Action (Doc. 27), filed October 28, 2015.

## BACKGROUND

On **June 11, 2015**, Florida resident Yanesty Loor initiated this action against a Delaware corporation with its principal place of business in Ohio—Tween Brands, Inc. ("**Defendant**") (*See* Doc. 1, ¶¶ 1, 2; Doc. 21, ¶¶ 2, 3.) Plaintiff alleges that in **2014** and

**2015**, she spent **$239.48** on purportedly discounted merchandise ("**Merchandise**") at a store located in this judicial district ("**Store**"), which Defendant owns and operates.[1] (*See* Doc. 1, ¶¶ 17–20; Doc. 1-1.) Plaintiff further alleges that Defendant falsely represented to her on her receipts and through advertising on signs and elsewhere that Plaintiff received a substantial discount (at least **40%**) off of the "regular price" of the Merchandise. (*See* Doc. 1, ¶¶ 18–22.)

Based on Defendant's allegedly fraudulent advertising and sales practices, Plaintiff asserts unjust enrichment, breach of contract, and breach of express warranty claims ("**National Class Claims**") on behalf of herself and a class of plaintiffs throughout the U.S. ("**National Class**"). (*See id.* ¶¶ 33–58.) Plaintiff defines the putative National Class as:

> All individuals who, while they were residents of any state other than Ohio, purchased any product(s) from Defendant, in one of Defendant's stores other than Defendant's Ohio stores, during any day that Defendant advertised a discount of "40% off entire store", or other similar discount language, and where the product(s) was not sold at the non-discount price for at least 28 of the last 90 days prior to the purchase.

(*See id.* ¶ 24.a.)[2]

Contending that Defendant's allegedly fraudulent advertising and sales practices also violate the Florida Deceptive and Unfair Trade Practices Act ("**FDUTPA**"), Plaintiff asserts FDUTPA claims against Defendant on behalf of herself and as the representative

---

[1] "Defendant owns and operates hundreds of stores in the United States which sell consumer products, including children's clothing, fashion apparel, and more" ("**Justice Stores**"). (Doc. 1, ¶ 6; Doc. 21, ¶¶ 3, 6.)

[2] Plaintiff likely omitted Ohio residents and stores from her proposed class because a class of Ohio residents who purchased goods from Justice Stores in Ohio resolved their claims against Defendant that were based on purchases made between **July 1, 2012** and **August 31, 2014** ("*Perez* **Class**"). *See Perez v. Tween Brands Inc.*, No. 14-cv-001119 (Ct. Common Pleas, Lake Cnty., Ohio).

of a class of Florida plaintiffs ("**Florida Class**"). (*See id.* ¶¶ 59–71.) Plaintiff defines the putative Florida Class as:

> All individuals who, while they were residents of Florida, purchased any product(s) from Defendant, in one of Defendant's Florida stores, during any day that Defendant advertised a discount of "40% off entire store", or other similar discount language, and where the product(s) was not sold at the non-discount price for at least 28 of the last 90 days prior to the purchase.

(*See id.* ¶ 24.b.) Plaintiff alleges that this Court has subject matter jurisdiction over the National Class Claims and the FDUTPA claims based on the Class Action Fairness Act ("**CAFA**") and 28 U.S.C. § 1332(a)(1).[3]

Defendant requests that the Court stay this action pending a final ruling on a proposed class action settlement that will cover Plaintiff's claims. (*See* Docs. 23, 27.) Plaintiff opposes entry of a stay (Doc. 26), and the matter is ripe for adjudication.

## DISCUSSION

Several other parties have initiated putative class actions against Defendant in courts around the country—including a class action in the U.S. District Court for the Eastern District of Pennsylvania—*Rougvie v. Ascena Retail Group, Inc.*, No. 2:15-cv-724 ("***Rougvie* Action**").[4] Defendant agreed to settle the claims pending in the *Rougvie* Action, and on **October 27, 2015**, the *Rougvie* Court entered an Order ("***Rougvie* Order**")

---

[3] The Court plainly does not have diversity jurisdiction over Plaintiff's individual claims because the amount in controversy is far less than $75,000.00. (*See* Doc. 1, ¶¶ 17–20; Doc. 1-1.) It also appears that the Court may not have jurisdiction pursuant to CAFA because Plaintiff does not allege that each class includes at least 100 members (Doc. 1, ¶ 25 (alleging that each putative class "numbers over forty (40) persons")). *See* 28 U.S.C. § 1332(d)(5)(B).

[4] Parties to these actions and others unsuccessfully sought to establish centralized proceedings in accordance with 28 U.S.C. § 1407. *See In re: Tween Brands, Inc., Marketing & Sales Practices Litigation*, MDL No. 2646, 2015 WL 4711098, at *2 (U.S. Judicial Panel on MDL, Aug. 7, 2015).

which:

(1) preliminarily certified a nationwide class action pursuant to Federal Rule of Civil Procedure 23 ("***Rougvie* Class**");[5]

(2) preliminarily approved a proposed settlement of the class action claims ("***Rougvie* Settlement**");

(3) set a Settlement Fairness Hearing for Friday, **May 20, 2016**, pursuant to 28 U.S.C. § 1715(d) ("***Rougvie* Hearing**"); and

(4) prohibited members of the *Rougvie* Class "and anyone who acts or purports to act" on behalf of such class members from—without approval of the *Rougvie* Court—instituting, commencing, prosecuting, pursuing, seeking discovery in or in any other way progressing "in any other litigation covered by" the *Rougvie* Settlement.

(*See* Doc. 27-1, pp. 2–10.)

Given the state of the proceedings in the *Rougvie* Action, the Court finds that the Defendant's Motion is due to be granted.[6] First, the preliminarily-approved *Rougvie* Class includes all persons throughout the U.S. "who purchased any children's apparel, fashion accessories, or other products from Justice during the period from January 1, 2012 to February 28, 2015." (*See* Doc. 27-1, p. 3.) By this definition, the bulk—if not all—of the members of the putative classes in this action would be members of the *Rougvie* Class. Second, the preliminarily-approved *Rougvie* Settlement provides that this action is subject to the *Rougvie* Settlement. (*See* Doc. 1; *see also* Doc. 27-1, p. 23 (providing that this

---

[5] (*See* Doc. 27-1, pp. 17–18 (noting that the alleged class in *Rougvie* includes residents of all 50 states and the District of Columbia, and excludes only the members of the *Perez* Class).)

[6] Federal district courts possess "general discretionary power" to stay proceedings "in the interests of justice and in control of their dockets." *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544–45 (11th Cir. 1983); *see also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (noting that a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket"); *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

4

action and six others are based on facts and claims that are "substantially similar" to those asserted in the *Rougvie* Action).) Third, it appears that the Plaintiff would violate the *Rougvie* Order if she attempted to pursue her claims in this Court before resolution of the *Rougvie* proceedings. (*See* Doc. 27-1, pp. 9–10.) Under these circumstances, the interests of justice and efficiency will be served by staying this case until after the *Rougvie* Hearing.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Stay Pending Judicial Approval of Nationwide Settlement of Class Action (Doc. 23) is **GRANTED**.

2. This action is **STAYED** until **May 31, 2016**.

3. After the *Rougvie* Hearing, the parties shall confer **in person** concerning the steps necessary to resolve this action, and they shall then file a joint status report with the Court on or before **Friday, May 27, 2016**.

4. The parties are further **DIRECTED** to promptly file a joint notice with the Court if the *Rougvie* Action concludes prior to **May 31, 2016**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 3, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record